# RAYMOND & RAYMOND
### Attorneys at Law

Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin de Lyon, Esq.

7 Glenwood Avenue, 4th Fl., Ste. 408
East Orange, NJ 07017
Telephone (973) 675-5622
Facsimile (408) 519-6711

Email: herbertraymond@gmail.com
Website: www.bankruptcylaw123.com

May 18, 2023

Honorable Christine Gravelle, U.S.B.J.
U.S. Bankruptcy Court
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608

    Re: Allen Middleton, Debtor(s)
        19-15753
        Chapter 13
    Proceeding: Rushmore Loan Management Service's Certification
            of Default
    Hearing Date: June 7, 2023 @ 9:00 AM

Dear Judge Gravelle:

    Please accept this letter in response to the above re-listed matter.

    The matter was previously scheduled for May 3, 2023 and marked on the calendar as "Order To Be Submitted" based on an agreement between the debtor and mortgagee for a slight arrearage to be capitalized into the plan.

    Prior to that, and in the midst of negotiations between the parties, the Chapter 13 Trustee had interjected and suggested that an order be submitted providing for conduit mortgage payments to be paid through the trustee. Debtor asked for more details on how this system would work, and the trustee provided the debtor with a proposed order. The debtor reviewed the terms, rejected same, and notified the trustee. The matter was otherwise marked as settled by the parties with the intention for a further agreed upon order could be submitted.

    However, despite rejecting the terms, and the parties otherwise resolving the matter, the trustee now seeks to override this agreement and has submitted his own un-agreed upon order, nonetheless providing for the conduit mortgage payments. Based on this, the matter has been re-listed, presumably for the trustee to argue for the submission and enforcement of the conduit order.

The debtor rejects the order and requests that the parties be able to submit their own order as previously agreed upon.

As the court is aware, the District of New Jersey has been a "direct pay" jurisdiction I believe for many decades now, and the system has seemingly worked fine. It is unclear now why a dramatic change in this policy is deemed necessary, with no input from the bankruptcy bar. From my research into the issue in other districts, there is either a standing order of the court or Local Rule in the district allowing for conduit payments. None exists in this vicinage. Of course the Bankruptcy Code is silent on the issue as well.

The policies behind conduit payments are usually grounded in some need to provide for a centralized, reliable accounting mechanism for the mortgage payments, and eliminate accounting disputes between the parties. However, in this particular case, this concern is unnecessary. There is no dispute between the parties as to the accounting here. The debtor readily agreed upon the asserted arrears by the mortgagee, and the parties expeditiously reached a settlement in the matter. So there is no need for an imposition of conduit payments here.

In addition, it appears that these policies concerning the need for conduit payments are primarily based out of concerns from a pre-digital era where payments made through the mail were common place, making it more difficult to confirm receipt of payments. However, now, with mortgage payments in many cases paid digitally, the mailing errors are much less commonplace. From my office's own experience, disputes involving the verification of payments made by the debtor are typically resolved expeditiously upon debtor providing proof of payments. There is certainly no increasingly pressing need to overhaul the system.

Furthermore, through various rule changes over the years such as Federal Rule of Bankruptcy Procedure 3002.1, there are several safeguards in place throughout the bankruptcy process to protect against mortgagee accounting errors as well. So many of the policy reasons behind conduit payments, are simply not relevant in 2023.

Nor does there appear to be any economic benefit to anyone from the system, besides the trustee's office in the form of commissions now collected from the stream of mortgage payments. However, this imposition of additional administrative fees will have very real consequences on the debtor. The debtor can attest to same in an additional certification if necessary, but the debtor's leg was amputated in the recent past, and he now relies on a fixed disability income. He is simply ill prepared to weather any additional increases to his monthly budget. The imposition of the trustee's commission here will add up to around $130 per month in additional costs to his tight budget. The debtor's prior default with the mortgagee is evidence of his tight budget.

Furthermore, the terms of the conduit order itself impose

onerous burden on debtor's and debtor's counsel, which will only further increase default and administrative expenses. These terms are more burdensome than the ordinary consent orders typically negotiated with mortgagees in this District.

For example, there is a 15 day default clause as to payments, as opposed to the traditional 30 day. There are very tight deadlines to respond to potentially erroneous mortgagee notice of payment changes or post-petition fees filed under FRBP 3002.1, which will cause the debtor's counsel to have to file objections with the court to prevent payment by the trustee. Debtor also bears the cost of seeking a refund of any amounts later determined to have been erroneously paid by the trustee.

With regard to notice of payment changes, the debtor only has 15 days to file an objection, which can sometimes involve complicated analysis of escrow accounts, usually involving information not readily available or easily obtainable by the debtor. This can involve up to several months of review and discussion with mortgagee's counsel. Now the debtor will be forced to file objections, perhaps unnecessarily if the payment change is ultimately determined to be correct.
 Also, with the trustee now paying this automatically, defaults with the trustee will increase.

With regards to the post-petition fees, the trustee will increase the trustee payment to cover these fees within a matter of 60 days, when previously debtors would have much more leeway to address these charges over the course of the case or even post-discharge. These amounts can sometimes amount to thousands of dollars. This will lead to further default with the trustee.

From the point of debtor's counsel, not only will legal fees likely increase but it will be more difficult to get paid. The mortgage payment will effectively be deemed an adequate protection payment, to be paid before payment of attorney fees, in the event of a shortage in payments. Of course payment shortages will be much more commonplace with the increased trustee payments caused by the above reasons. This will likely lead to increased up-front costs to debtors for the filing of a chapter 13 petition, when counsel's ability to collect fees through the plan is being further inhibited.

These added costs and super-priority adequate protection payments to the mortgagee also affects other creditors as well and is in essence an impermissible plan modification without proper notice to creditors. For example, with regards to debtor's payments to his condominium association, the added expenses of the conduit payments makes payment on this obligation increasingly difficult. Also, for example, debtor's plan calls for payments to NJ Taxation. However, now, with a super priority due to the mortgagee, on any given month with a shortage, NJ will be trumped by the mortgagee. These sorts of adverse impacts are the very reason that modified plans are filed and on notice to creditors. The conduit payment scheme here effectively works as a plan modification, without proper notice.

Finally, in the event the court were to order conduit payments in this case, I calculate the trustee's monthly amount of $1970 per month to be over-calculated by around $100 per month. I would ask the trustee to provide a breakdown of how the payment was calculated.

For the foregoing reasons, I ask that the Trustee's order for conduit payments be denied and the parties be able to submit their original order as intended.

Respectfully submitted,

/S/ HERBERT B. RAYMOND, ESQ.
------------------------------
HERBERT B. RAYMOND, ESQ.