UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

RAYMOND AND RAYMOND
7 GLENWOOD AVENUE, SUITE 408
EAST ORANGE, NJ 07017
PHONE: 973-675-5622
FAX: 408-519-6711
EMAIL: HERBERTRAYMOND@GMAIL.COM

| | |
|---|---|
| In Re: <br><br> ALLEN MIDDLETON, <br><br> DEBTOR | Case No.: _19-15753_ <br><br> Judge: _CMG_ <br><br> Chapter: 13 |

# CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☒ Motion for Relief from the Automatic Stay filed by _(Motion to Compel Payment of Post-Petition Fees) The Oaks at North Brunswick Condominium Association, Inc._ , creditor,

    A hearing has been scheduled for 8/16/23_, at 9:00 AM.

    ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

    A hearing has been scheduled for _____, at _____.

    ☐ Certification of Default filed by _____,

    I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

    ☐ Payments have been made in the amount of $ _____, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☒ Other **(explain your answer)**:

First, I believe there is an error with regard to the arrears. I calculate, according to the pay history provided, that I have paid $11,314 in dues since the case was filed, and not $10,324 as alleged by the Association. So, the correct amount due through May should be $6437 and not $7,427.

I propose to add these arrears into the plan, along with the attorney fees of $3,090 asserted as well. I am in the process of filing a modified plan to capitalize these arrears and filing amended schedules I/J to support this plan as well.

I have fallen behind in this case due to catastrophic health issues that resulted in my leg being amputated, leaving me wheelchair bound and unable to perform my job.

Although I was behind with the association dues prior to this case being filed, I was making regular monthly payments until around the fall of 2020. However, my health significantly deteriorated around then. In 2017 I was first diagnosed with kidney disease and was placed on dialysis. Eventually, my numbers were good, and I was taken off dialysis. However, in the fall of 2020 my kidneys started to fail again, and I was once again placed on dialysis. Around then I started to miss significant amounts of work. My health became so bad that I could no longer work and was placed on long-term disability. Eventually, I suffered extreme renal failure which resulted in the amputation of my lower leg in July 2022. Since that time, my only source of income has been social security disability. During this time I have struggled under the weight of all of my obligations between the trustee, association dues, and the mortgagee.

However, I have now started to receive contribution from my brother which will allow me to make the ongoing association dues going forward. In addition, I have brighter prospects on the horizon. I am waiting to receive an artificial leg which will allow me to return to work. There is currently still fluid in my leg that needs to be removed before my body can accept the new leg. I am currently on hemo-dialysis three days per week, four hours per day. I believe though that, within the next month, I will have my new leg in place. I expect that within the next six months, I will return to work once my balance and ambulation improves. At that time, it may only be part time work, as I will still be on dialysis. However, this will nonetheless allow me the ability to make higher plan payments in order to cure the condominium arrears over the life of the plan. I also do need a kidney transplant, but this is on hold until I am able to walk around using the new leg. Once I receive the transplant, I can increase my working hours, further cementing my ability to maintain my obligations over the life of the plan.

      As the court can see, my default in this case has been the result of incredible medical hardship. However, now things are taking a turn for the better and I am getting assistance from my brother. Therefore, I plead with the court to give me this one last shot. The court can keep my case on a tight leash with regards to ongoing payments. In the alternative, the court could adjourn the matter to allow me to make payments in the meantime, or approve my new plan on an interim basis to allow me the opportunity to prove my ability to make payments going forward.

3.     This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4.     I certify under penalty of perjury that the above is true.

Date: _____7/12/23_____        __/s/ Allen Middleton
                                                                                                        Debtor's Signature

Date: _____               _____
                                                                                       Debtor's Signature

**NOTES:**

1.     Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2.     Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*