<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

ALLEN MIDDLETON, DEBTOR

</td><td>

Case No.:        19-15753 CMG

Chapter:         13_____

Adv. No.:        _____

Hearing Date:    9/6/2023@10:00 A.M.

Judge:           CHRISTINE M. GRAVELLE

</td></tr>
</table>

## CERTIFICATION OF SERVICE

1.  I, _KENNETH RAYMOND :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for RAYMOND & RAYMOND, ESQS., HERBERT B.
    RAYMOND, ESQ., RECORD COUNSEL_, who represents the DEBTOR_ in the this matter.

    ☐ am the _____ in the this case and am representing myself.


2.  On JULY 20, 2023, I sent a copy of the following pleadings and/or documents to the parties listed
    in the chart below.

    Modified Chapter 13 Plan
    Chapter 13 Transmittal Letter
    Real Property Appraisal
    Schedule B of Petition as to Personal Property

3.  I certify under penalty of perjury that the above documents were sent using the mode of service
    indicated.

Date:   JULY 20, 2023                    /S/ KENNETH RAYMOND_

Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo, Esq.<br>Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Attorney General<br>United States Department of Justice<br>Ben Franklin Station<br>P.O. Box 683<br>Washington, DC 20044 | ATTORNEYS FOR CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| United States Attorney<br>Peter Rodino Federal Building<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | LOCAL ATTORNEYS FOR CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

2

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Hueston McNulty, PC<br>256 Columbia Turnpike, Ste. 207<br>Florham Park, NJ 07932 | ATTORNEYS FOR OAKS AT NORTH BRUNSWICK CONDO ASSOC. | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| New Jersey Attorney General Office<br>Division of Law<br>Richard J. Hughes Justice Complex<br>25 Market Street, P.O. Box 112<br>Trenton, NJ 08625-0112 | ATTORNEYS FOR STATE OF NEW JERSEY, DIVISION OF TAXATION | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| New Jersey Division of Taxation<br>Compliance and Enforcement - Bankruptcy Unit<br>3 John Fitch Way, 5th Floor<br>P.O. Box 245<br>Trenton, NJ 08695-0245 | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Oaks at North Brunswick Condo.<br>Association<br>C/o UBE, Inc.<br>1 Willow Pond Drive<br>Howell, NJ 07731 | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

ALLEN MIDDLETON, DEBTOR

Case No.:        19-15753 CMG

Hearing Date:    9/6/23@10:00 a.m.

Judge:              GRAVELLE

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☐ plan, ☒ modified plan is proposed by the debtor and was filed on
_____JULY 19, 2023_____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This
Plan may be confirmed and become binding, and included motions may be granted without further
notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court
may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy
Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification
may take place solely within the chapter 13 confirmation process. The plan confirmation order alone
will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to
avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien
creditor who wishes to contest said treatment must file a timely objection and appear at the
confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at  1305 N. OAKS BLVD., NORTH
BRUNSWICK, NJ _____ [*address*] at $_____125,000_____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $_____132,798.67_____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☒  **Personal Property:**

The debtor(s) has valued personal property described as: ALL PERSONAL PROPERTY ON THE PETITION _____ at $ 4,113 _____ .

The debtor(s) believes the lien on the property to be in the approximate amount of $ 60,982.67 _____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for ____SEPTEMBER 6, 2023 @ 10:00 A.M.____ . Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 4 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

---

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

ALLEN MIDDLETON,

Debtor(s)

Case No.: ___19-15753 CMG___

Judge: ___Christine Gravelle, USBJ___

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: ___July 19, 2023___

☒ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___HR___      Initial Debtor: ___AM___      Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____**_____ per ____MONTH____ to the Chapter 13 Trustee, starting on
____APRIL OF 2019____ for approximately _____84_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

** i. $20,374 paid in to date through July of 2023 (Over Fifty-Two (52) Months)
ii. $532 per month, starting in August of 2023, through and including January of 2024 (Six Months)
iii. $1,176 per month, starting in February of 2024, for a period of twenty-six (26) months

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ Supp. Fees |
| DOMESTIC SUPPORT OBLIGATION | | |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| U.S. BANK NA, SERVICED BY RUSHMORE LOAN SERVICING | MORTGAGE ARREARS RE: 1305 N. OAKS BLVD., N. BRUNSWICK, NJ | $27,784.09 (Pre-petition arrears, post-petition arrears and costs & fees associated with stay relief motion(s) and/or default certification(s) filed by lender) | N/A | $27,784.09 | CONTINUED PAYMENTS STARTING August 1, 2023, TO BE PAID BY THE DEBTOR DIRECTLY TO RUSHMORE/U.S. BANK, NA |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ NONE

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Internal Revenue Service | Real and Personal Property | $60,982.67 | $122,750 as to Realty; $4,113 as to Personalty | SLS iao $136,614 Realty ; N/A Personalty | $4,113 Personalty No Value Realty | N/A | $4,113 Personalty; no value realty |
| NJ Div. of Taxation | Real Property | $10,265.60 | $122,750 as to Realty | SLS iao $136,614 | No Value Realty | N/A | No Value Realty |
| Oaks Condo. Ass. | Real Property | $Unknown | N/A | No Recorded Lien | No Value, No Recorded Lien | N/A | No Value |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ NONE

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**:  ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| THE OAKS AT NORTH BRUNSWICK | POST-PETITION CONDOMINIUM ASSOCIATION DUES, AND COSTS AND FEES ASSOCIATED WITH DEFAULT THROUGH JULY OF 2023 | $10,517.50 PAYMENT IN FULL OF POST-PETITION AMOUNT DUE |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:    Motions    ☐ NONE

NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE | Real Property re: 1305 N. Oaks Blvd., N. Brunswick, NJ | $60,982.67 | $122,750 | SLS iao $136,614 | NO VALUE AS TO REALTY | NO VALUE, ENTIRE LIEN IAO $60,982.67, UNSECURED AS TO REALTY |
| NJ DIVISION OF TAXATION | SAME | $10,265.60 | $122,750 | SAME | NO VALUE | NO VALUE; JUDGMENT LIEN(S) IAO $110,265.60 TO BE TREATED AS UNSECURED CLAIMS |
| OAKS AT N. BRUNSWICK CONDO | SAME | $20,624.10 | $122,750 | SAME | NO VALUE | ENTIRE AMOUNT DUE AS UNSECURED ⊞ |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE | PERSONAL PROPERTY | $60,982.67 | $4,113 AS TO PERSONAL PROPERTY | $4,113 | $56,869.67 |

---

| Part 8: | Other Plan Provisions |
|---|---|

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees and Supp.  Counsel Fees (Fully Paid before other claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:  FEBRUARY 27, 2021                        .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To provide for the payment of post-petition mortgage arrears (To be addressed through an order to be submitted to the Court by the mortgagee).   The plan is also being modified to provide for payment of post-petition condominium association dues arrears. | The plan term is remaining the same.  Payments are reduced since the Debtor is currently disabled and not working and then increase at the time when the Debtor believes he will be returning to work.  No other material changes to the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: JULY 19, 2023                                      /S/ ALLEN MIDDLETON
                                                         Debtor

Date:                                                    
                                                         Joint Debtor

Date: JULY 19, 2023                                      /S/ HERBERT B. RAYMOND, ESQ.
                                                         Attorney for Debtor(s)

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Allen Middleton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | 19-15753 |

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1**

| | | |
|---|---|---|
| **1305 North Oaks Boulevard** | **What is the property?** Check all that apply | |
| Street address, if available, or other description | ☐ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | ☐ Duplex or multi-unit building | |
| | ☑ Condominium or cooperative | |
| **North Brunswick    NJ    08902-0000** | ☐ Manufactured or mobile home | |
| City        State      ZIP Code | ☐ Land | Current value of the entire property? | Current value of the portion you own? |
| | ☐ Investment property | $122,750.00 | $122,750.00 |
| | ☐ Timeshare | |
| | ☐ Other | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| **Middlesex** | **Who has an interest in the property?** Check one | **Equitable Interest** |
| County | ☐ Debtor 1 only | |
| | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | |
| | ☑ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |

Other information you wish to add about this item, such as local property identification number:

Property inherited from mother, in the midst of probate proceedings. Inherited from mother in July of 2015. Property to be jointly owned by debtor and brother under will.

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................=>     | $122,750.00 |

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Allen Middleton**                                                                     Case number *(if known)*   **19-15753**

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| | | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|
| 3.1 | Make: **Audi** | ☑ Debtor 1 only | | |
| | Model: **A4** | ☐ Debtor 2 only | | |
| | Year: **2006** | ☐ Debtor 1 and Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **134,000** | ☐ At least one of the debtors and another | | |
| | Other information: | | | |
| | Value per Edmunds online auto guide, private party value, as of March 2019.  Subject to Security Interest. | ☐ Check if this is community property *(see instructions)* | $1,077.00 | $1,077.00 |

| | | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|
| 3.2 | Make: **GMC** | ☑ Debtor 1 only | | |
| | Model: **Sierra 1500** | ☐ Debtor 2 only | | |
| | Year: **2000** | ☐ Debtor 1 and Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **180,000** | ☐ At least one of the debtors and another | | |
| | Other information: | | | |
| | No lien.  Value per Edmunds online auto guide, trade in value, as of March 2019. | ☐ Check if this is community property *(see instructions)* | $983.00 | $983.00 |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
  pages you have attached for Part 2. Write that number here.................................................................=>    | $2,060.00 |

**Part 3:** Describe Your Personal and  Household Items

Do you own or have any legal or equitable interest in any of the following items?                         **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes.  Describe.....

   | Three rooms of miscellaneous used household goods | $1,750.00 |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
          including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes.  Describe.....

   | One tv set, one laptop computer, one cellular phone, one cd player, one tablet computer | $300.00 |

Case 19-15753-CMG    Doc 18    Filed 05/05/19    Entered 05/05/19 15:05:41    Desc Main
Document        Page 5 of 66

| Debtor 1 | **Allen Middleton** | Case number *(if known)* | **19-15753** |
| --- | --- | --- | --- |

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No

■ Yes. Describe.....

| Magazines | $5.00 |
| --- | --- |

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes. Describe.....

| Everyday clothing | $300.00 |
| --- | --- |

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes. Describe.....

| One gold chain, watch | $75.00 |
| --- | --- |

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No

☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .............................................................................**

| $2,430.00 |
| --- |

**Part 4:   Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

■ Yes.................................................................................................

| **Cash** | $200.00 |
| --- | --- |

Debtor 1    **Allen Middleton**                                                                    Case number *(if known)*   **19-15753**

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
      institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes........................                                    Institution name:

|      | 17.1. | **Checking** | **PNC Bank** | **$500.00** |
|------|-------|--------------|--------------|-------------|

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................                   Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ■ No
   ☐ Yes. Give specific information about them...................
                              Name of entity:                                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
                              Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ■ Yes. List each account separately.
                              Type of account:                     Institution name:

|      | **401(k)** | **401K Pension plan with employer** | **$7,000.00** |
|------|-----------|--------------------------------------|----------------|

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. .....................                  Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

Official Form 106A/B                              Schedule A/B: Property                                              page 4

# REAL ESTATE VALUE ESTIMATE

**SUBJECT**

Contact  MIDDLETON  
Property Address  1305 NORTH OAKS BLVD  
City  NORTH BRUNSWICK    County MIDDLESEX    State NJ    Zip Code  08902  
Phone No. Res.  N/A    Loan Amount $  N/A    Term  N/A    Mos. Owner's Est. of Value $  N/A  
Census Tract 61.03    Map Reference DIGITAL  
Check one: ☒ SF  ☐ PUD    ☒ CONDO    ☐ 2-4 Units

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 3 | 1 | 1 | ☐ Yes ☒ No | 942 Sq. Ft. | spaces | balcony | ☒ Yes ☐ No |

**FIELD REPORT**

## NEIGHBORHOOD

| Location | ☐ Urban ☒ Suburban ☐ Rural |
| Built Up | ☒ Over 75% ☐ 25% to 75% ☐ Under 25% |
| Growth Rate ☒ Fully Dev. | ☐ Rapid ☐ Steady ☐ Slow |
| Property Values | ☐ Increasing ☒ Stable ☐ Declining |
| Demand/Supply | ☐ Shortage ☒ In Balance ☐ Oversupply |
| Marketing Time | ☒ Under 3 Mos. ☐ 4-6 Mos. ☐ Over 6 Mos. |

Property Compatibility — Good ☐ Avg ☒ Fair ☐ Poor ☐  
General Appearance of Properties — ☐ ☒ ☐ ☐  
Appeal to Market — ☐ ☒ ☐ ☐

Present Land Use  50% 1 Family  1 % 2-4 Family  9 % Apts.  20 % Condo  20% Commercial ___% Industrial ___% Vacant ___%  
Change in Present Land Use  ☒ Not Likely  ☐ Likely  ☐ Taking Place From ___ To ___  
Predominant Occupancy  ☒ Owner  ☐ Tenant  -5 % Vacant  
S/F Price Range $ 100,000 to $ 400,000+  $ 250,000 = Predominant Value  
S/Family Age  1 yrs. to  100 yrs. Predominant Age  40 yrs.

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)  THE SUBJECT IS LOCATED IN THE OAKS DEVELOPMENT. ADEQUATE ACCESS TO LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

## SUBJECT PROPERTY

Approx. Yr. Blt. 19 82  # Units 1  # Stories ONE  
Type (det, duplex, semi/det. etc.)  ATTACHED  
Design (rambler, split, etc.)  CONDOMINIUM  
Exterior Wall Mat.  BRICK    Roof Mat. ASPHALT  
Is the property in a HUD-identified Special Flood Haz. Area?  ☒ No  ☐ Yes  
Special Energy-Effic. Items  TYPICAL FOR AREA

PROPERTY RATING — Good / Avg / Fair / Poor  
Condition of Exterior  ☐ ☒ ☐ ☐  
Compatibility to Neighborhood  ☐ ☒ ☐ ☐  
Appeal and Marketability  ☐ ☒ ☐ ☐

Comments (favorable or unfavorable incl. deferred maintenance)  QUALITY OF CONSTRUCTION CONSIDERED AVERAGE WITH NO SIGNIFICANT UPDATES NOTED.

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | 1305 NORTH OAKS BLVD NORTH BRUNSWICK | 1315 NORTH OAKS BLVD NORTH BRUNSWICK | 1312 NORTH OAKS BLVD NORTH BRUNSWICK | 316 NORTH OAKS BLVD NORTH BRUNSWICK |
| Proximity to Sub. | | 0.02 miles NE | 0.02 miles NW | 0.14 miles NW |
| Sales Price | $ | $ 126,000 | $ 117,000 | $ 130,000 |
| Date of Sale and Time Adjustment | DESCRIPTION | DESCRIPTION +(−)$ Adjust. 09/21/2018 | DESCRIPTION +(−)$ Adjust. 06/05/2018 | DESCRIPTION +(−)$ Adjust. 06/29/2018 |
| Location | AVERAGE | AVERAGE | AVERAGE | AVERAGE |
| Site/View | AVERAGE/AVG | AVERAGE/AVG | AVERAGE/AVG | AVERAGE/AVG |
| Age | 37 | 37 | 37 | 37 |
| Condition | AVERAGE | AVERAGE | AVERAGE | AVERAGE |
| Living Area Rm. Count and Total | Total B-rms Baths 3 1 1 | Total B-rms Baths 3 1 1 | Total B-rms Baths 3 1 1 | Total B-rms Baths 3 1 1 |
| Gross Living Area | 942 Sq. Ft. | 942 Sq. Ft. | 942 Sq. Ft. | 942 Sq. Ft. |
| Air Conditioning | CENTRAL AIR | CENTRAL AIR | CENTRAL AIR | CENTRAL AIR |
| Garage/Carport | spaces | spaces | spaces | spaces |
| Porches, Patio, Pools, etc. | balcony NONE | balcony NONE | balcony NONE | balcony NONE |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | TYPICAL | TYPICAL |
| Other | | | | |
| Net Adjust. (Total) | | ☐+ ☐− $ | ☐+ ☐− $ | ☐+ ☐− $ |
| Indicated Value Sub. | | $ 126,000 | $ 117,000 | $ 130,000 |

General Comments  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

Estimated Value $ 125,000  as of  MAY 11, 2019  
Completed By JOHN MACK    Title NJ SLREA 42RA00320500  
Signature  John Mack    Date  May 26, 2019

[Y2K]

**Supplemental Addendum**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower/Client | MIDDLETON | | | | | | |
| Property Address | 1305 NORTH OAKS BLVD | | | | | | |
| City | NORTH BRUNSWICK | County | MIDDLESEX | State | NJ | Zip Code | 08902 |
| Lender | MIDDLETON | | | | | | |

Main File No. BL 140.01 LOT 9.183  Page #2
File No. BL 140.01 LOT 9.183

INTENDED USER:  THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND THIRD PARTIES WHICH MAY INCLUDE TRUSTEES, CREDITORS AND THE BANKRUPTCY COURT.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK:  THE SALES COMPARISON APPROACH TO VALUE WAS USED IN THIS REPORT.  THIS METHOD BEST INDICATES ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST APPROACH IS NOT APPLICABLE FOR TOWNHOUSE/CONDOMINIUM DWELLINGS.  THE INCOME APPROACH TO VALUE WAS NOT UTILIZED DUE TO THE LACK OF SINGLE FAMILY SALES THAT WERE SOLD WHICH WERE RENTED IN ORDER TO ARRIVE AT A GROSS RENT MULTIPLIER.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED AS A CONDOMINIUM IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING.  BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A CONDOMINIUM IS IT'S FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.

THE SUBJECT HAS NOT BEEN SOLD IN THE PAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

DEED TRANSFER FOR COMPARABLE 2 ON 03/07/2018 FOR $88,000.

| | | | |
|---|---|---|---|
| Signature | *John Mack* | Signature | |
| Name | JOHN MACK | Name | |
| Date Signed | May 26, 2019 | Date Signed | |
| State Certification # | | State | State Certification # | State |
| Or State License # | 42RA00320500 | State NJ | Or State License # | State |

File No. BL 140.01  LOT 9.183

**DEFINITION OF MARKET VALUE:**  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.  (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

> \* Adjustments to the comparables must be made for special or creative financing or sales concessions.  No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.  Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.  Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.  The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is valued on the basis of it being under responsible ownership.

2.  Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.  The appraiser has made no survey of the property.

3.  The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.  Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.  The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  This appraisal report must not be considered an environmental assessment of the subject property.

6.  The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.  The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.  The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.  The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.  The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.  This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Main File No. BL 140.01  LOT 9.183  Page #4

File No. BL 140.01  LOT 9.183

CERTIFICATION:    The appraiser certifies and agrees that:

1.    The statements of fact contained in this report are true and correct.

2.    The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial and unbiased professional analyses, opinions, and conclusions.

3.    Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4.    Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.    I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.    My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.    My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.    My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.    Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.    Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

ADDRESS OF PROPERTY ANALYZED:    1305 NORTH OAKS BLVD, NORTH BRUNSWICK, NJ 08902

APPRAISER:

Signature: _John Mack_

Name:  JOHN MACK

Title:

State Certification #:

or State License #:  42RA00320500

State:  NJ    Expiration Date of Certification or License:  12/31/2019

Date Signed:  MAY 26, 2019

SUPERVISORY or CO-APPRAISER (if applicable):

Signature:

Name:

State Certification #:

or State License #:

State:        Expiration Date of Certification or License:

Date Signed:

☐ Did  ☐ Did Not  Inspect Property

Page 2 of 2

Form ACR2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

| Borrower/Client | MIDDLETON | | | File No. BL 140.01  LOT 9.183 |
|---|---|---|---|---|
| Property Address | 1305 NORTH OAKS BLVD | | | |
| City | NORTH BRUNSWICK | County  MIDDLESEX | State  NJ | Zip Code 08902 |
| Lender | MIDDLETON | | | |

## APPRAISAL AND REPORT IDENTIFICATION

### This Report is one of the following types:

☒ **Appraisal Report** (A written report prepared under Standards Rule 2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ **Restricted Appraisal Report** (A written report prepared under Standards Rule 2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

### Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
— The statements of fact contained in this report are true and correct.
— The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
— Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
— Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
— I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
— My engagement in this assignment was not contingent upon developing or reporting predetermined results.
— My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
— My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
— Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
— Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

### Reasonable Exposure Time (USPAP defines Exposure Time as the estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)

My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is: WITHIN 3 MONTHS FOR REALISTICALLY PRICED PROPERTIES.

### Comments on Appraisal and Report Identification

Note any USPAP related issues requiring disclosure and any State mandated requirements:
The subject was previously appraised by me on 04/15/2017. (interior appraisal)

**APPRAISER:**

Signature: *John Mack*
Name: JOHN MACK
State Certification #:
or State License #: 42RA00320500
State: NJ   Expiration Date of Certification or License: 12/31/2019
Date of Signature and Report: MAY 26, 2019
Effective Date of Appraisal: MAY 11, 2019
Inspection of Subject: ☐ None  ☒ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable): MAY 11, 2019

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:
Name:
State Certification #:
or State License #:
State:   Expiration Date of Certification or License:
Date of Signature:
Inspection of Subject: ☐ None  ☐ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable):

Main File No. BL 140.01 LOT 9.183 Page #6

## Subject Photo Page

| Borrower/Client | MIDDLETON | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 1305 NORTH OAKS BLVD | | | | | |
| City | NORTH BRUNSWICK | | County MIDDLESEX | | State NJ | Zip Code 08902 |
| Lender | MIDDLETON | | | | | |



### Subject Exterior

1305 NORTH OAKS BLVD

| | |
|---|---|
| Sales Price | |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |



### Subject Exterior



### Subject Street

Main File No. BL 140.01 LOT 9.183 Page #7

## Subject Photo Page

| Borrower/Client | MIDDLETON | | | | |
|---|---|---|---|---|---|
| Property Address | 1305 NORTH OAKS BLVD | | | | |
| City | NORTH BRUNSWICK | County | MIDDLESEX | State NJ | Zip Code 08902 |
| Lender | MIDDLETON | | | | |



**Subject Interior**

| | |
|---|---|
| 1305 NORTH OAKS BLVD | |
| Sales Price | |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |



**Subject Interior**



**Subject Interior**

## Subject Photo Page

| Borrower/Client | MIDDLETON | | | |
|---|---|---|---|---|
| Property Address | 1305 NORTH OAKS BLVD | | | |
| City | NORTH BRUNSWICK | County MIDDLESEX | State NJ | Zip Code 08902 |
| Lender | MIDDLETON | | | |



**Subject Interior**

1305 NORTH OAKS BLVD

| | |
|---|---|
| Sales Price | |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |



**Subject Interior**

Main File No. BL 140.01 LOT 9.183 Page #9

## Comparable Photo Page

| | |
|---|---|
| Borrower/Client | MIDDLETON |
| Property Address | 1305 NORTH OAKS BLVD |
| City | NORTH BRUNSWICK |
| Lender | MIDDLETON |

| County | MIDDLESEX | State | NJ | Zip Code | 08902 |



### Comparable 1
1315 NORTH OAKS BLVD

| | |
|---|---|
| Prox. to Subject | 0.02 miles NE |
| Sale Price | 126,000 |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |



### Comparable 2
1312 NORTH OAKS BLVD

| | |
|---|---|
| Prox. to Subject | 0.02 miles NW |
| Sale Price | 117,000 |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |



### Comparable 3
316 NORTH OAKS BLVD

| | |
|---|---|
| Prox. to Subject | 0.14 miles NW |
| Sale Price | 130,000 |
| Gross Living Area | 942 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 37 |

Main File No. BL 140.01 LOT 9.183 | Page #10

## Location Map

| Borrower/Client | MIDDLETON | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 1305 NORTH OAKS BLVD | | | | | |
| City | NORTH BRUNSWICK | | County MIDDLESEX | | State NJ | Zip Code 08902 |
| Lender | MIDDLETON | | | | | |

