| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Friedman Vartolo LLP<br>1325 Franklin Avenue, Suite 160<br>Garden City, NY 11530<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Dwelling Series IV Trust | Case No.: 19-15753-CMG |
| In Re:<br><br>Allen Middleton,<br><br>Debtor. | Chapter: 13<br><br>Hon. Judge: Christine M. Gravelle<br><br>Hearing Date: February 21, 2024 at 9:00 AM |

Order Filed on March 13, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## CONSENT ORDER RESOLVING CREDITOR'S CERTIFICATION OF DEFAULT

The consent order set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: March 13, 2024**

*Honorable Christine M. Gravelle*
*United States Bankruptcy Judge*

| | |
|---|---|
| Applicant: | SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Dwelling Series IV Trust |
| Applicant's Counsel: | Friedman Vartolo LLP |
| Debtor's Counsel: | Herbert B. Raymond, Esq. |
| Property (Collateral): | 1305 North Oaks Boulevard, North Brunswick, NJ 08902 |

1. For good cause shown, it is **ORDERED** that Applicant's Certification of Default is resolved, subject to the following conditions:

    ☒ The Debtor is due for **5** months- **October 1, 2023** to **February 1, 2024**.

    ☒ The Debtor is due for **5** payments at **$1,217.17** per month.

    ☒ Applicant acknowledges suspense funds in the amount of **$157.83.**

    ☒ The Debtor is due for attorney's fees of **$200.00**, attorney's costs of **$0.00**, and late charges of **$247.70.**

    **Total Arrearages Due: $6,375.72.**

2. Debtor(s) must cure all post-petition arrearages, as follows:

    ☒ Immediate payment shall be made in the amount of **$1,217.17.** Payment shall be made no later than **March 1, 2024.**

    ☒ Beginning on **March 1, 2024** regular monthly mortgage payments shall continue to be made.

    ☒ Secured Creditor has agreed to allow time for the Debtor to facilitate the sale of the property. The Debtor must complete a sale of the real property located at 1305 North Oaks Boulevard, North Brunswick, NJ 08902 within **120 days** of the entry of this Order. Any sale must fully satisfy Secured Creditor's claim (POC 8-1) based on an up-to-date payoff letter. Debtor shall file a Motion to Appoint a Realtor in association with the marketing of the property within thirty (30) days of the entry of this Order.

3. Payments to the Secured Creditor shall be made to the following address:

    Payments:    SN Servicing Corporation
    P.O. Box 660820
    Dallas, TX 75266-0820

2

4. In the event of default:

☒ If the Debtor does not complete a satisfactory sale as outlined in Paragraph 2 of this Order and/or fails to remit any payments referenced in Paragraph 2 of this Order, and/or fails to comply with any other provision of this Order, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's Attorney.

☒ In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor(s) fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and Debtor's attorney and the court shall enter an Order granting Relief from the Automatic Stay and Co-Debtor Stay.

☒ Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and Debtor's attorney and the court shall enter an Order granting Relief from the Automatic Stay and Co-Debtor Stay.

☒ This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor (and Debtor's attorney and the court shall enter an Order Relief from the Automatic Stay and Co-Debtor Stay.

5. Award of Attorney's Fees:

The Applicant is awarded attorney's fees and costs of **$200.00**

The fees and costs are payable:

- ☒ Attorney's fees and costs have been included in the Consent Order.
- ☐ Through the Chapter 13 plan. The fees/costs shall be set up as a s separate claim to be paid by the Standing Trustee and shall be paid as an administrative claim.
- ☐ To the Secured Creditor within _____ days
- ☐ Attorney's fees are not awarded.
- ☐ Movant reserves its right to file a Post-Petition Fee Notice for fees and costs incurred in connection with the Motion for Relief.

The undersigned hereby consent to the form and entry of the foregoing order.

/s/ _____ 3/5/24
Herbert B. Raymond, Esq.
*Attorney for Debtors*

/s/ Charles Wohlrab, Esq.
Charles Wohlrab, Esq.
*Attorney for Secured Creditor*