| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**FRIEDMAN VARTOLO LLP**<br>1325 Franklin Avenue, Suite 160<br>Garden City, NY 11530<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust | Order Filed on September 4, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Allen Middleton,<br><br>Debtor(s) | CASE NO.: 19-15753-CMG<br><br>CHAPTER: 13<br><br>JUDGE: Christine M. Gravelle |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY**

The relief set forth on the following pages numbered two (2) and three (3) is hereby **ORDERED**.

**DATED: September 4, 2024**

*Honorable Christine M. Gravelle*
*United States Bankruptcy Judge*

Upon the motion of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust, on behalf of its successors and/or assigns (hereinafter collectively "Secured Creditor" and/or "Movant") under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

**ORDERED** that the motion is granted and the stay of Bankruptcy Code Section 362(a) is terminated to permit the Movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant`s rights in the following:

[x] Real property commonly known and more fully described as: 1350 N Oaks Boulevard , North Brunswick, NJ 08902

**ORDERED**, that the Co-Debtor stay against "Lula Mae Middleton" is lifted pursuant to 11 U.S.C. 1301(c); and it is further

**ORDERED** that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code; and it is further

**ORDERED** that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law; and it is further

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED**, that the instant order is binding in the event of a conversion; and it is further

**ORDERED**, that the trustee be informed of any surplus monies resulting from the sale of the collateral; and it is further

**ORDERED**, that the movant shall serve this order on the debtor, any trustee, and any other party who entered an appearance on the motion.